IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
OCT 16 2019
Clerk, U.S District Court
District Of Montana
Missoula

CHAD BEIERLE,

Plaintiff,

vs.

TACO TREAT OF GREAT FALLS,
INC. d/b/a TACO TREAT,

Defendant.

CV 19–129–M–DWM

OPINION
and ORDER

In August 2019, Plaintiff Chad Beierle filed seven nearly identical lawsuits against Missoula businesses alleging violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*[1] Defendant Taco Treat of Great Falls, Inc. seeks to dismiss the present case on the grounds that Beierle fails to allege injury-in-fact sufficient to confer standing under Article III. (Doc. 8.) "Specifically, [Beierle] fails to specify what barriers he allegedly encountered at Taco Treat and how his disability was affected by these barriers in such a way as to preclude his full and equal access to the premises." (Doc. 9 at 2.) Beierle was given an extension of time to respond to Taco Treat's motion, (*see*

---

[1] *See Beierle v. Fugli, LLC*, CV 19-127-M-DWM; *Beierle v. KFC Montana*, CV 19-130-M-DLC; *Beierle v. Orange Town Pump, Inc.*, CV 19-131-M-DLC; *Beierle v. Muralt's Inc.*, CV 19-132-M-DLC; *Beierle v. Chaffee Legacy, LLC*, CV 19-136-M-DLC; *Beierle v. CHS, Inc.*, CV 19-137-M-DWM.

1

Doc. 11), but failed to do so.[2] Taco Treat's motion is granted on the merits.

## BACKGROUND

For the purposes of the present motion, the factual allegations in Beierle's complaint are accepted as true. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). Beierle has primary lateral sclerosis with neuromuscular disorder, which is "a rare, neuromuscular disorder that affects the central motor neurons and is characterized by painless but progressive weakness and stiffness of the muscles of the legs, progressing to affect the arms and muscles at the base of the brain." (Doc. 1 at ¶ 3.) As a result, he uses a walker "and is substantially limited to performing one or more major life activities including, but not limited to, walking, standing, grabbing, tight grasping, and/or pinching or twisting of the wrist." (*Id.*)

Beierle visited Taco Treat's location at 1800 Bow Street in Missoula, Montana on July 23, 2019. (*Id.* at ¶¶ 4, 6.) During that visit, Beierle alleges he "was denied full and equal access to, and full and equal enjoyment of, the facilities, services, goods, privileges and accommodations." (*Id.* at ¶ 4.) He then identifies sixteen "violations" of the ADA:

> a) Failure to provide ADA compliant parking stall width clearance, in violation of 2010 ADAS and 2015 ABAAS Section 502.2.
>
> b) Failure to provide ADA compliant landing slope grading, in violation of 2010 ADAS and 2015 ABAAS Section 405.7.1.

---

[2] *C.f.* L.R. 7.1(d)(1)(B)(ii) ("[F]ailure to file a response brief [to a non-dispositive motion] may be deemed an admission that the motion is well-taken.").

c) Failure to provide ADA compliant floor mats, throughout the subject facility, in violation of 2010 ADAS and 2015 ABAAS Section 302.2.

d) Failure to provide ADA compliant self-serve soda dispenser reach ranges, in violation of 2010 ADAS and 2015 ABAAS Section 308.1.

e) Failure to provide ADA compliant transaction counter height, in violation of 2010 ADAS and 2015 ABAAS Section 904.4.1 and 904.4.2.

f) Failure to provide ADA compliant number of accessible table seating, in violation of 2010 ADAS and 2015 ABAAS Section 226.1.

g) Failure to provide ADA compliant table seating underside clearances, in violation of 2010 ADAS and 2015 ABAAS Section 306.1 and 306.3.1.

h) Failure to provide ADA compliant number of accessible booth table seating, in violation of 2010 ADAS and 2015 ABAAS Section 226.1.

i) Failure to provide ADA compliant booth table seating underside clearances, in violation of 2010 ADAS and 2015 ABAAS Section 306.1 and 306.3.1.

j) Failure to provide ADA compliant eat-in counter height, in violation of 2010 ADAS and 2015 ABAAS Section 306.1 and 306.3.1.

k) Failure to provide ADA compliant interior pull approach door clearance, in violation of 2010 ADAS and 2015 ABAAS Section 404.2.4.1.

l) Failure to provide ADA compliant restroom signage, in violation of 2010 ADAS and 2015 ABAAS Section 216.8.

m) Failure to provide ADA compliant restroom signage height, in violation of 2010 ADAS and 2015 ABAAS Section 703.4.1.

n) Failure to provide ADA compliant, unobstructed, lavatory underside clearance, in violation of 2010 ADAS and 2015 ABAAS Section 606.2.

o) Failure to provide ADA compliant coat hook height, in violation of 2010 ADAS and 2015 ABAAS Section 308.2.1.

p) Failure to provide ADA compliant toilet paper dispenser location, in violation of 2010 ADAS and 2015 ABAAS Section 604.7.

(*Id.* at ¶ 18.) Taco Treat argues that the Complaint "does not explain how, if at all, these alleged deficiencies impacted [Beierle] during his July 23, 2019 visit." (Doc. 9 at 4.)

## ANALYSIS

An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) if a plaintiff lacks standing under the "case-or-controversy" requirement of Article III. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* The plaintiff, as the party invoking federal jurisdiction, has the burden to establish subject matter jurisdiction. *Id.* Where, as here, a case is at the pleading stage, the plaintiff cannot meet its burden through the assertion of bare legal conclusions, but rather "must clearly allege facts demonstrating each element." *Id.* (internal quotation marks and alteration omitted). That said, "the Supreme Court has instructed [courts] to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining

4

compliance with the Act." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation marks omitted) (citing *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

Here, Taco Treat challenges only the injury in fact requirement. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (internal quotation marks omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks omitted). In the ADA context, this means that a plaintiff must allege that he has "personally suffered discrimination under the ADA on account of his disability." *Chapman*, 631 F.3d at 954. To do so, a plaintiff must state what barriers he encountered or exist in a place he plans to return and "how his disability was affected by them so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." *Id.* Or, to put it another way, the plaintiff must "relate the alleged violations to his disability." *Id.* at 955.

As argued by Taco Treat, the holding in the Ninth Circuit's *Chapman* decision is directly applicable here. *See* 631 F.3d at 954–55. In *Chapman*, the plaintiff's complaint outlined his disability and stated that he "encountered architectural barriers that denied him full and equal access" to the defendant's

5

store. *Id.* at 954. The complaint then included an "Accessibility Survey" that identified alleged ADA violations "without connecting the alleged violations to Chapman's disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store." *Id.* Such is the case here. Similar to Chapman's "Accessibility Survey," Beierle's complaint merely includes a list of sixteen ADA violations. (*See* Doc. 1 at ¶ 18.) And, as was the case in *Chapman*, that list "does nothing more than perform a wholesale audit of the defendant's premises," which "cannot substitute for the factual allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact." 631 F.3d at 955 (internal quotation marks). Because Beierle "does not even attempt to relate the alleged violations to his disability," his complaint is dismissed for lack of standing. *Id.*

## Conclusion

Accordingly, IT IS ORDERED that Taco Treat's motion (Doc. 8) is GRANTED. Beierle's complaint is DISMISSED. Beierle may file an amended complaint within twenty-one (21) days of the date of this order or show cause why the dismissal should not be with prejudice.

DATED this 16th day of October, 2019.

Donald W. Molloy, District Judge
United States District Court